IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

    Petitioner,                    No. CIV S-08-2904 GGH P

    vs.

DIRECTOR OF ADULT INSTITUTIONS, et al.,

    Respondents.                ORDER

/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff has not paid the required filing fee of $350.00 or filed a proper application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) & 1915(a). Plaintiff will be granted thirty days to pay the filing fee in full or submit a properly completed application to proceed in forma pauperis.

        Plaintiff is cautioned that the in forma pauperis application form includes a section that must be completed by a prison official, and the form must be accompanied by a certified copy of plaintiff's prison trust account statement for the six-month period immediately preceding the filing of this action.

---

[1] Petitioner filed this case as a writ of habeas corpus but the court's review indicates that in this filing petitioner is challenging the conditions of confinement. The Clerk of the Court will be directed to re-designate this action as one brought by 42 U.S.C. § 1983. See Muhammad v. Close, 540 U.S. 749, 750, 123 S. Ct. 1303, 1304 (2004).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff seeks money damages and injunctive relief for several unrelated claims occurring at numerous prisons in the Eastern and Central District of California.

\\\\\

1  Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original
2  claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as
3  alternate claims, as many claims, legal, equitable, or maritime as the party has against an
4  opposing party." "Thus multiple claims against a single party are fine, but Claim A against
5  Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v.
6  Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong
7  in different suits[.]" Id.

8  It is true that Fed. R. Civ. P. 20(a) provides that "[a]ll persons ...may be joined in
9  one action as defendants if there is asserted against them jointly, severally , or in the alternative,
10 any right to relief in respect of or arising out of the same transaction, occurrence, or series of
11 transactions or occurrences and if any question of law or fact common to all will arise in the
12 action." However, "[a] buckshot complaint that would be rejected if filed by a free person–say, a
13 suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a
14 debt, and E infringed his copyright, all in different transactions–should be rejected if filed by a
15 prisoners." Id. at 607.

16 Plaintiff's complaint includes unrelated claims regarding conditions at four
17 different prisons in the Eastern and Central District of California.  Pursuant to George v. Smith,
18 supra, plaintiff may not proceed with these unrelated claims regarding different prisons in this
19 action.  Accordingly, the complaint is dismissed with leave to amend, within thirty (30) days.  If
20 plaintiff files an amended complaint, he may only include claims against one prison.  Complaints
21 against other prisons should be filed in a separate action.

22 The court also observes that plaintiff is challenging conditions at prisons that are
23 not located in the Eastern District of California.  However, because plaintiff has named Director
24 of Adult Institutions, Suzan Hubbard, as a defendant, some of plaintiff's claims may be raised
25 here.  If plaintiff files an amended complaint, plaintiff must allege facts that occurred at an
26 institution in the Eastern District of California.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall submit, within thirty days from the date of this order, either the $350.00 filing fee or a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice; and

2. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma Pauperis By a Prisoner for use in a civil rights action.

\\\\\

3. The Clerk of the Court is directed to re-designate this action as one brought by 42 U.S.C. § 1983.

4. Plaintiff's claims are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: January 16, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
wils2904.108b